HEALY *v.* HEISEN.

1. BROKERS—COMMISSIONS—EXERCISE OF OPTION—BURDEN OF PROOF. In action against owner of leased property by broker for commission payable to him on exercise by lessee of option to purchase, burden was on broker to establish that sale to third party was exercise of option by lessee.

2. SAME—EVIDENCE—SUFFICIENCY.

> Owner, who leased property with option to lessee to purchase within certain time and agreed to pay broker commission if lessee exercised option, is not liable where lessee surrendered its lease and property was sold for option price to third party who made new lease with lessee, in absence of any evidence from which jury could find that said sale was exercise of option to lessee.

Error to Genesee: Brennan (Fred W.), J. Sub, mitted April 11, 1930. (Docket No. 80, Calendar No. 34,918.) Decided October 3, 1930.

Assumpsit by Gerald F. Healy against Charles C. Heisen to recover a real estate broker's commission. From a judgment for plaintiff, defendant brings error. Reversed.

*Neithercut & Neithercut,* for plaintiff.

*Carton, Gault & Parker,* for defendant.

WIEST, C. J. This is an action to recover a real estate broker's commission. The amount, if recoverable, is not in dispute. The liability of defendant is disputed. June 19, 1925, Herbert E. Crouter owned certain premises in the city of Flint, and, through the aid of G. A. Kelly Company, broker, leased the same to Doty-Salisbury Company, for ten years, with an option to the lessee to purchase at a stated price during the first five years of term, and agreed with the broker to pay a commission if the tenant exercised the option and purchased, and also agreed that in case he sold or assigned his interest in the property that the obligation to pay the commission would be assumed by the purchaser. Defendant acquired the Crouter title, subject to the lease and option, and duly assumed Crouter's obli-

gation to pay the commission in case the option was exercised. The broker accepted the assumption of the obligation by defendant and released Crouter. Trouble arose between defendant and the lessee, and a summary proceeding was brought. Then William A. Warrick came on the scene and offered to purchase from defendant, but insisted that the option held by the lessee should first be surrendered. Defendant paid the lessee $2,000 to surrender the option and discontinued the summary proceeding. Thereupon Warrick purchased the property from defendant at the price fixed in the surrendered option and paid the lessee $33,000, in consideration of the lessee quitclaiming all rights and entering into a new lease at an increased rental sufficient during the period thereof to return the $33,000. Thereupon the real estate broker claimed the commission was due and assigned the claim to plaintiff, who brought this suit.

At the close of plaintiff's case, and again at the close of all the evidence, defendant moved for a directed verdict. These motions were denied and the case submitted to the jury and a verdict found in favor of plaintiff for the commission. Defendant also moved for judgment *non obstante veredicto*. This was denied.

The option to purchase was never exercised by the lessee. The evidence does not show that the lessee purchased through Warrick. The evidence is to the contrary. The option held by the lessee was surrendered. Warrick would not otherwise have purchased. It is manifest that the lessee was not able to purchase but was anxious to have Warrick do so and in that way be permitted to remain as Warrick's tenant under a new and longer period lease. The commission was not due the broker un-

less and until the lessee exercised the option and made the purchase.

The Doty-Salisbury Company employed the option, not in purchasing but in obtaining $2,000 from defendant and $33,000 from Warrick. It is true that defendant obtained the option amount for his premises but not from the Doty-Salisbury Company, nor, so far as the evidence discloses, from a purchaser in behalf of that company. The Doty-Salisbury Company received from defendant $2,000 for release of its option, $33,000 from Warrick for a quitclaim deed of its leasehold rights, paid commission to a new broker, also paid for the insurance of title, and entered into a ten-year lease with the purchaser at a rental above the old, sufficient to return the $33,000 during the term, and without an option to purchase. The burden was on plaintiff to establish the fact that the sale to Warrick was an exercise of the option by the Doty-Salisbury Company. There was no evidence from which the jury could so find.

The motion of defendant, at the close of the proofs, for a directed verdict should have been granted.

The judgment is reversed, without a new trial, and with costs to defendant.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.